UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| BENJAMIN D. WINSTON, II | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Case No. 9:21-cv-122 |
| AMAZON, INC. and KENZIE'S OPTICS, INC., | § | |
| | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Kenzie's Optics, Inc. ("Kenzie") hereby gives notice of the removal of a state court case between the above-referenced parties from the 159th District Court of Angelina County, Texas.  The removal of this action is based upon the following:

1.      There is complete diversity of citizenship, none of the Defendants are citizens of Texas, and the amount in controversy exceeds the jurisdictional threshold.  28 U.S.C. § 1332.

2.      On June 4, 2021, Plaintiff Benjamin D. Winston, II ("Winston") filed his Original Petition (the "Petition") against Amazon, Inc. ("Amazon") and Kenzie as Cause No. CV-01103-21-06 in the 159th District Court of Angelina County, Texas (the "State Court Case").

3.      The State Court Case involves claims by Winston—a lawyer licensed to practice in this State—regarding a $1,921.44 internet purchase, including his disclosure from the Petition:

> 14.      In returning the fake, counterfeit item to Defendants, Plaintiff marked "Fake Bullshit" on the box in order to prevent Defendants from simply returning the item to stock and pawning it off again as a quality scope to an unsuspecting consumer. As further

4.      Under 28 U.S.C. § 1332, the citizenship of the parties is as follows:

| Party | Residence or Principal Place of Business | State of Incorporation | Citizenship |
|---|---|---|---|
| Winston | Texas | n/a | Texas |
| Kenzie | Georgia | Georgia | Georgia |
| Amazon | Washington | Delaware | Washington Delaware |

5.      The amount in controversy is in excess of $75,000.00 because it is "facially apparent" from the Petition that Winston's claim exceeds the jurisdictional threshold.  *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002).

6.      Winston claims he seeks damages of the "TOTAL SUM of $71,921.44 and such further legal and equitable relief at the Court may deem proper" for his $1,921.44 internet purchase. Petition p. 10.  But Winston also requests "pre- and post-judgment interest and costs of suit" which make it facially apparent that Winston requests amounts in excess of the jurisdictional threshold of $75,000.00.[1]  *Id.* at 9.  Moreover, Winston alleges the following in the Petition:

> 1.      Discovery is intended to be conducted under Level I of the Texas Rules of Civil Procedure 190.2 as Plaintiff seeks recovery of up to but not more than TWO-HUNDRED FIFTY THOUSAND AND NO/100 ($250,000.00).

*Id.* at ¶1.

---

[1] The current Texas post-judgment interest rate is 5.00%.  https://occc.texas.gov/sites/default/files/uploads/credit-letters/06-22-21.pdf.  And pre-judgment interest will quickly accrue during the time period this case will be pending. And Winston's costs of suit are already at least $455.00 per the Angelina District Clerk, and those costs of suit will only increase with depositions and other recoverable costs.  http://public.angelinacounty.net/default.aspx; FED R. EVID. 201(b)(1-(2) (allowing the Court to take judicial notice of certain facts, like the cost of depositions)

7.      While it is apparent from the face of the Petition that the amount in controversy exceeds $75,000.00, out of an abundance of caution Kenzie attaches **Exhibit 2,** which is the declaration of Brian P. Shaw setting forth that in his expert opinion, the plead-for court costs and interest in this matter will exceed $3,078.56.

8.      This removal is timely, as Kenzie was served with summons less than 30 days ago, on June 15, 2021.  *Id.* at § 1446(b)(1).

9.      Kenzie was unable to obtain the consent of Amazon prior to filing this removal.  *Id.* at § 1446(b)(2)(A) (requiring consent to removal of "all defendants who have bene properly joined and served").  Kenzie reached out via multiple avenues in an effort to contact Amazon, to no avail. In light of the foregoing, this removal is proper.  *See Marquette Bus. Inc. v. Am.'s Kitchen, Inc.*, CIV.A. 3:09-CV-1937-, 2010 WL 1711767, at *5 (N.D. Tex. Apr. 28, 2010) (stating that if a removing party cannot locate a codefendant prior to removal, it is appropriate to remove and then consent issues can be addressed if the plaintiff moves to remand).

10.      A true and correct copy of all process, pleadings, and orders served upon Kenzie in the State Court Case is attached hereto as **Exhibit 2**.

11.      Promptly after the filing of this Notice of Removal, Kenzie is filing a notice in the State Court Case apprising the parties and the clerk of Kenzie's removal of the State Court Case to this Court.

Respectfully submitted,


_/s/ Brian P. Shaw_ _____
BRIAN P. SHAW
State Bar No. 24053473

**ROGGE DUNN GROUP, PC**
500 N. Akard St.
Suite 1900
Dallas, Texas 75201
(214) 888-5000 (Telephone)
(214) 220-3833 (Fax)
shaw@roggedunngroup.com

**ATTORNEYS FOR DEFENDANT KENZIE'S OPTICS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served on this 12th day of July 2021, via e-mail as follows:

Kevin M. Fuller
LAW OFFICE OF KEVIN M. FULLER
P.O. Box 12086
Beaumont, Texas 77726
kfuller@kevinmfullerlawfirm.com


_/s/  Brian P. Shaw_ _____
BRIAN P. SHAW