IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| BENJAMIN DEE WINSTON, II | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 9:21-CV-122 |
| | § | |
| AMAZON, INC. and | § | |
| KENZIE'S OPTICS, INC. | § | |

## MOTION TO REMAND

TO THE HONORABLE U. S. JUDGE:

COMES NOW, BENJAMIN DEE WINSTON, II, Plaintiff in this action, and pursuant to 28 U.S.C. § 1447(c), moves this Court for an order remanding this action to the 159th Judicial District Court of the State of Texas, County of Angelina, on the grounds this Court lacks jurisdiction over the subject matter of this action.  In support of this action, Plaintiff shows:

1.  Removal was not proper as this Court is without jurisdiction to hear this case. The amount in controversy does not exceed the sum of $75,000.00 in this case.

2.  Defendant, Kenzie's Optics, Inc. invoked the provisions of 11 U.S.C. 1332(a) and removed this case claiming as its sole basis that, although the petition plainly stated relief in the amount of $71,921.44, costs of court and pre-judgment interest would push that amount above the $75,000.00 minimum threshold for this Court to obtain jurisdiction. Specifically, Defendant claims:

5.      The amount in controversy is in excess of $75,000.00 because it is "facially apparent" from the Petition that Winston's claim exceeds the jurisdictional threshold.  *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002).

6.      Winston claims he seeks damages of the "TOTAL SUM of $71,921.44 and such further legal and equitable relief at the Court may deem proper" for his $1,921.44 internet purchase. Petition p. 10.  But Winston also requests "pre- and post-judgment interest and costs of suit" which make it facially apparent that Winston requests amounts in excess of the jurisdictional threshold of $75,000.00.[1]  *Id.* at 9.  Moreover, Winston alleges the following in the Petition:

To support their calculation, Defendant attached the affidavit of their counsel of record.

7.      While it is apparent from the face of the Petition that the amount in controversy exceeds $75,000.00, out of an abundance of caution Kenzie attaches **Exhibit 2,** which is the declaration of Brian P. Shaw setting forth that in his expert opinion, the plead-for court costs and interest in this matter will exceed $3,078.56.

The $3,078.56 amount stated in the removal and in the affidavit of counsel is the exact amount needed to be added to the actual claimed amount of $71,921.44 to total $75,000.00. (Even that amount is one cent shy to reach the needed threshold of "exceeding" $75,000.00.)   In the supporting affidavit counsel for Defendant further opined:

5.      I am familiar with the reasonable and necessary court costs recoverable under Texas law, which includes fees for the clerk and services fees, fees for the court reporter for the original of transcripts (depositions, hearings and trial), masters, interpreters, and guardians ad litem, and "such other costs and fees may be permitted by the rules and state status." TEX. CIV. PRAC. & REM. Code § 31.007.

6.      I am also familiar with the recovery of pre-judgment interest.

7.      Based upon my education, training, and experience, I believe the total court costs and pre-judgment interest in this matter will easily exceed $3,078.56 by the time of judgment.

5.      A plain reading of the statute upon which Defendant relies forecloses the sole argument made by Defendant. 28 U.S. Code § 1332 provides in relevant part –

Diversity of citizenship; amount in controversy; costs

(**a**)The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, *exclusive of interest and costs*, and is between—
(**1**) citizens of different States;

28 U.S. Code § 1332 (emphasis added.)

6.      Future pre-judgment interest and court costs are NOT to be included in the calculation for minimum jurisdictional limits purposes. The Court must remand this case back to the state Court as the pleadings on file do not confer jurisdiction.

7.      Unless Defendant consents to remand within ten (10) days of this date, this Court should impose an appropriate sanction upon Defendant, Kenzie's Optics, Inc., since there was no plausible basis for claiming that this Court has jurisdiction over the causes of action asserted in Plaintiff's petition.  As such, the notice of removal had the purpose and effect of causing unnecessary delay and the needless increase to the cost of litigation. Plaintiff would show that an appropriate sanction would include an order to pay the amount of reasonable attorney's fees and expenses incurred by Plaintiff in receiving and

analyzing the removal documents, participating in all pre-trial procedures required by this Court, and preparing and presenting this motion in an amount of not less than $2,500.00.

Plaintiff, Benjamin Dee Winston, II therefore prays that this Court order Kenzie's Optics, Inc., Defendant in this action, to pay the Plaintiff all costs and expenses including attorney's fees, incurred as a result of this removal and to immediately remand this matter to the District Court of Angelina County, 159th Judicial District.  Plaintiff also prays for general relief to which he may be shown entitled

.

Respectfully submitted,

LAW OFFICE OF KEVIN M. FULLER
P.O. Box 12086
Beaumont, Texas  77726
(409) 835-2700 phone
(409) 835-2757 fax
Email: kfuller@kevinmfullerlawfirm.com


By:  /s/ *Kevin M. Fuller*
KEVIN M. FULLER
TBA # 07521490


**PLAINTIFF REQUESTS AN ORAL HEARING ON THIS MOTION.**

## CERTIFICATE OF CONFERENCE

I hereby certify that prior to the filing of this motion, a reasonable effort was made to resolve this dispute without the necessity of Court intervention and that such effort has not been successful. Specifically, Plaintiff's counsel has discussed remanding this action with Defendant's counsel via email, was told that counsel would need to research the matter further and has offered to waive any claim for costs if Defendant files its consent to this request for remand with ten (10) days.

/s/ Kevin M. Fuller
KEVIN M. FULLER

## CERTIFICATE OF SERVICE

This is to certify a true and correct copy of the foregoing document has been served via U. S. First Class, certified mail, return receipt requested and/or via facsimile or the Court's electronic filing system to the following:

Brian Shaw
ROGGE DUNN GROUP, PC
500 N. Akard Dr., Suite 1900
Dallas, Texas  75201

on this the 15th day of July, 2021.

/s/ Kevin M. Fuller
KEVIN M. FULLER